## M. J. MAY v. J. L. FERGUSON.

**Contract of Employment—Teacher's Contract.**
> If a teacher is not qualified by reason of not having been examined as the law requires, a contract with him to teach, made by the school trustee, is not binding on the trustee's successor in office.

### APPEAL FROM FLOYD CIRCUIT COURT.

September 27, 1878.

OPINION BY JUDGE PRYOR:

There was no obligation on the appellant to comply with the contract made by Porter and the appellee. That a trustee cannot renounce an employment made by his successor may be conceded, but that he is bound by every such contract, even as trustee, cannot be admitted. In this case when the contract of employment was made the appellee was not qualified by reason of his not having been examined as the law requires, and the contract, although conditional, was not binding on a subsequent trustee for that reason. And in addition the trustee, Porter, had obligated himself to furnish fuel, brooms, etc., and created a personal liability that he had no right to impose on his successor. The trustee is a sole corporation, not for the purpose of making him personally responsible, but to enable him

in his official capacity to manage and control the common schools in his district, and if liable it is only as trustee, unless he is guilty of some act that creates a personal responsibility.

Now in this case there was no school room belonging to or under the control of the trustee. He may have thought proper not to rent a room, or may have been without means for that purpose, and certainly had the right to disregard the stipulations of a contract that created a personal liability only on a third party. He was under no obligation to the appellee to rent a house, nor could he have been compelled by the county commissioner to do so. If he neglects his duty he may be removed by the commissioner, and other penalties inflicted as provided by the statute; but no individual liability can be imposed or created upon him by his predecessor in office under a contract to which he is not a party and containing stipulations that as trustee he has the right to disregard. If the former trustee had rented a room and placed the appellee in possession as teacher of the school, the appellant would have been liable as trustee to apply the school fund in that way, but the former trustee had no power to bind his successor to furnish a room, brooms or fuel, or to comply with a contract that at the time it was entered into the appellee himself could not have performed. The demurrer to the petition and the amendment should have been sustained. Neither the pleadings nor proof make out a cause of action. Judgment *reversed* and cause remanded with directions to sustain the demurrer, etc.

Judge Elliott not sitting.

*A. Duvall, for appellant.   R. Apperson, for appellee.*